# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLARISSA LOTT** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| ) | |
| V. ) | **CIVIL ACTION NO.:** |
| ) | **1:22-cv-68** |
| **WATER WORKS AND SEWER** ) | |
| **BOARD OF THE CITY OF** ) | **JURY DEMAND** |
| **PRICHARD and** ) | |
| **THE MOBILE COUNTY** ) | |
| **PERSONNEL BOARD** ) | |
| ) | |
| **DEFENDANTS.** | |

## COMPLAINT

**I.   INTRODUCTION**

1. This is an action alleging disability discrimination in violation of Titles I and II of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 et. seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") brought by Clarissa Lott.  Plaintiff is a qualified individual with a disability, has a history of disability, and/or is regarded as disabled.   Plaintiff alleges that Defendants discriminated against her based on her disability and refused to provide Plaintiff with reasonable accommodations.  Plaintiff seeks injunctive relief,

equitable relief, reinstatement, lost wages and benefits, compensatory damages, and reasonable attorney fees and costs.

## II. JURISDICTION

2. This Court has jurisdiction in accordance with 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Title II of the ADA and Section 504 of the Rehabilitation Act do not require the exhaustion of administrative remedies. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff also timely filed her Complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the EEOC. See Exhibit A.

## III. PARTIES

4. Plaintiff, Clarissa Lott, is an individual over the age of 19 years and a resident of Mobile County, Alabama. Plaintiff is an individual with a disability, has a history of a disability, and was regarded by Defendants as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the essential functions of the job of Fiscal Clerk I. Consequently, Plaintiff is a qualified individual with a disability, as defined under the ADA and an individual with a disability under §504 of the Rehabilitation Act.

5. Defendant Water Works and Sewer Board of the City of Prichard (hereinafter "the Water Board") was an "employer" as defined under the ADA. Defendant is a public entity in accordance with 42 U.S.C. 12131(1). Defendant is also a recipient of federal financial assistance. 29 U.S.C. 794(b).

6. Defendant Mobile County Personnel Board (hereinafter "the MCPB") was an "employer" as defined under the ADA. Defendant is a public entity in accordance with 42 U.S.C. 12131(1). Defendant is also a recipient of federal financial assistance. 29 U.S.C. 794(b).

7. The Water Board and the MCPB were, for all times relevant, joint employers. At all times relevant, Defendants had contracts or other agreements in place that created joint liability for all actions related to hiring and employment procedures and requirements.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 7 above with the same force and effect as if fully set out in specific detail herein below.

9. Defendants have intentionally and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's disability, history of disability, and/or perceived disability, with respect to the terms, conditions, and privileges of employment.

10. In or around January 2020, Clarissa Lott applied for the position of Fiscal Clerk I at Prichard.

11. Shortly thereafter, the Water Board called Lott and asked her to come to the Water Board's office in Prichard to be interviewed.

12. During the scheduled interview, the Water Board discussed with Lott the primary functions of the Fiscal Clerk I position, which included being able to handle customers and accurately input payment information.

13. During the interview, the Water Board did not discuss any job duties that required driving.

14. About a week after the interview, on February 7, 2020, Cordellia Leggett, then an Office Assistant with the Water Board, emailed Lott and offered her the Fiscal Clerk I position, with a starting date of March 2, 2020.

15. Later that same day, Lott emailed Leggett back and accepted the position.

16. Leggett sent a return email welcoming Lott to the Water Board's "team" and asking her to go to the MCPB to start the "New Hire Process".

17. The Water Board works together with the MCPB to evaluate new employees and complete hiring paperwork on new employees.

18. Leggett also asked Lott to send Leggett copies of her Driver's License and Social Security Card. Lott replied that she would bring Leggett those documents up to the Water Board Office in a few days and Leggett said that was fine.

19. The MCPB told Lott to go to Infirmary Health, an occupational health center, to get a physical. Lott complied.

20. At Infirmary Health, Lott was asked to complete paperwork that included questions about her medical history. Lott met briefly with Dr. John Hamilton, who also asked a few questions about Lott's medical history.

21. Specifically, Lott disclosed that she had been diagnosed with epilepsy.

22. Lott also disclosed that, although she had taken medications for epilepsy in the past, her treating neurologist currently was not prescribing any medications related to her seizures because she had been seizure-free for approximately ten years.

23. Lott asked Dr. Hamilton if he needed a note from her neurologist about her epilepsy. Dr. Hamilton said no.

24. Lott was not given any paperwork from her visit with Dr. Hamilton.

25. On information and belief, the paperwork from Lott's visit to Infirmary Health contained information about Lott's diagnosis and history of epilepsy.

26. Infirmary Health sent the paperwork from Lott's visit to the MCPB, which subsequently shared the substantive content of that paperwork with the Water Board, including information about Lott's diagnosis and history of epilepsy.

27. About two weeks later, Lott received a phone call from a female employee at the Water Board. That employee said the Water Board had terminated Lott because she was "uninsurable" based on her medical evaluation.

28. The Water Board did not discuss any reasonable accommodations with Lott.

29. Lott immediately went up to the MCPB's offices and spoke with an employee named Jenny (last name unknown). Jenny said Lott was probably "uninsurable" through Defendants' "car insurance".

30. The MCPB did not discuss any reasonable accommodations with Lott.

31. Jenny advised Lott to speak with someone at the Water Board named Ms. Tucker.

32. On or about March 2, 2020, Lott went to the Water Board and asked to speak with someone about her termination or rejection. Initially Lott was told that someone would meet with her soon, but then an employee came out and told Lott that if she did not leave immediately, the Water Board would call the police.

33. Lott was not disruptive in any way. She explained that she was trying to get an explanation for Defendants' decision to terminate her employment or for

Defendants' labeling Lott as "uninsurable". Lott left the Prichard offices as requested.

34. On or about March 4, Lott returned to Mobile, where she again spoke with Mobile employee Jenny.

35. Jenny produced paperwork that appeared to be Lott's medical evaluation paperwork. Jenny said that maybe someone saw Lott's history of epilepsy in the physical and that was why they could not retain her as an employee.

36. Jenny said she had no way to change the Water Board decision to terminate Lott.

37. According to the Water Board, the MCPB made the decision that Lott was uninsurable.

38. On March 26, 2020, through a letter from her counsel to the Water Board, Lott reiterated her status as a qualified individual for the position of Fiscal Clerk I. She expressed her concern that she was being discriminated against based on her disability or Defendants' perception of her as disabled.

39. The Water Board did not contact Lott in response to the March 26, 2020 letter.

40. Plaintiff is an individual living with a disability, epilepsy, but is able to perform her job duties, with or without accommodation.

41. When active, Plaintiff's epilepsy substantially limits the functioning of her neurological system.

42. Plaintiff has a history and record of disability, which was known by Defendants.

43. Defendants perceived and/or regarded Plaintiff as disabled.

44. In denying the Plaintiff employment and/or reasonable accommodations related thereto, Defendants intentionally, willfully, and maliciously discriminated against Plaintiff on the basis of her disability, her record of disability, and/or her perceived disability in complete disregard for her federally protected rights.

45. Plaintiff was discriminated against because of her disability, her record of disability, and/or her perceived disability in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

46. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation, and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury including pain, humiliation, emotional distress, mental anguish and suffering, and loss of enjoyment of life.

## V.   CAUSES OF ACTION

### The Americans with Disabilities Act and § 504 of the Rehabilitation Act

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 above with the same force and effect as if fully set out in specific detail herein below.

48. Plaintiff is a person with a disability, has a history of disability, and/or is regarded as disabled. See 42 U.S.C. 12102; 29 U.S.C. 794.

49. Defendant Water Works and Sewer Board of the City of Prichard is an employer in accordance with 42 U.S.C. 12111(5). Defendant is a public entity in accordance with 42 U.S.C. 12131(1). Defendant receives federal financial assistance pursuant to Section 504 and is thus a program or activity receiving Federal financial assistance in accordance with 29 U.S.C. 794.

50. Defendant Mobile County Personnel Board is an employer in accordance with 42 U.S.C. § 12111(5). Defendant is a public entity in accordance with 42 U.S.C. 12131(1). Defendant receives federal financial assistance pursuant to Section 504 and is thus a program or activity receiving Federal financial assistance in accordance with 29 U.S.C. 794.

51. Plaintiff is a qualified individual as defined under the ADA. Despite Plaintiff's disability, with or without reasonable accommodation, she is able to perform the essential functions of the job of Fiscal Clerk I. See 42 U.S.C. 12111; 29 U.S.C. 794.

52. Under the ADA and Section 504, Defendants are prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability in regard to, inter alia, job application procedures, hiring, termination, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. 12112(a); 29 U.S.C. 794(d).

53. The ADA's protection against discrimination extends to medical exams and inquiries (42 U.S.C. 12112(d)(1)) and the ADA further prohibits employers, such as Defendants, from "participating in a contractual or other arrangement that has the effect of subjecting a covered entity's qualified applicant or employee to . . . discrimination." 42 U.S.C. 12112(b)(2). Section 504 incorporates these prohibitions. 29 U.S.C. 794(d).

54. Defendants' termination of Plaintiff and their refusal to allow Plaintiff to start her job as Fiscal Clerk I violated the ADA and Section 504.

55. Defendants also violated the ADA and Section 504 by failing to ensure that the results of Plaintiff's medical examination were used in accordance with the ADA. 42 U.S.C. 12112(d)(3); 29 U.S.C. 794(d).

56. Defendants failed to engage in the interactive process with Plaintiff.

57. To the extent that Plaintiff needed an accommodation, Defendants' refusal to make or consider reasonable accommodations, such as job structuring, reassignment of marginal tasks, or use of transportation means other than company-

owned vehicles, also violated the ADA and Section 504. Such accommodations would not have imposed an undue hardship on the operation of the Defendants' business.

58. In terminating the Plaintiff, Defendants have maliciously, intentionally, and with reckless disregard discriminated against Plaintiff due to her disability, her record of disability, and/or her perceived disability; and has otherwise classified and segregated Plaintiff in a way that has adversely affected her job opportunities because of her disability, history of disability, and the perception of her as a person with a disability. See 42 U.S.C. 12112; 42 U.S.C. 12132; 29 U.S.C. 794.

59. As a proximate result, Plaintiff has suffered extreme harm including, but not limited to, loss of employment, denial of wages, compensation and other benefits and conditions of employment. Plaintiff has also suffered injury, including pain, humiliation, mental anguish, and suffering.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions, and customs that led to the discrimination by Defendants violated Plaintiff's rights as secured by the Americans with Disabilities Act, 42

U.S.C. § 12101, et seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (§ 504).

2. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys, and those acting in concert with the Defendants and at the Defendants' request, from continuing to violate the ADA and Section 504 of the Rehabilitation Act.

3. Enter an Order requiring the Defendant to make Plaintiff whole by awarding Plaintiff reinstatement, back-pay (plus interest), loss benefits, compensatory and nominal damages.

4. Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses incurred by this litigation.

5. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory, and other relief is her only means of securing adequate relief.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*/s/ Rachel L. McGinley*
Rachel L. McGinley
Alabama State Bar No.: 1892-A64M

**WIGGINS, CHILDS, PANTAZIS, FISHER, GOLDFARB**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
Email: rmcginley@wigginschilds.com

*/s/ Henry Brewster*
Henry Brewster
Alabama State Bar No.: BREWH7737
**Henry Brewster, LLC**
205 North Conception Street
Mobile, Alabama 36603
(251) 338-0630
Email: hbrewster@brewsterlaw.net

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED AT THE FOLLOWING ADDRESSES**

The Water Works & Sewer Board of the City of Prichard
125 East Clark Avenue
Prichard, Alabama 36610

Mobile County Personnel Board
1809 Government St.
Mobile, Alabama 36606