**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CLARISSA LOTT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.: 1:22-cv-00068-JB-N** |
| **vs.** | * | |
| | * | |
| **WATER WORKS & SEWER BOARD** | * | |
| **OF THE CITY OF PRICHARD, and** | * | |
| **THE MOBILE COUNTY** | * | |
| **PERSONNEL BOARD,** | * | |
| | * | |
| **Defendants.** | * | |

## <u>ANSWER</u>

Defendant Water Works and Sewer Board of the City of Prichard answers the Plaintiff's Complaint as follows:

**I.      INTRODUCTION**

1.      Defendant admits that Plaintiff filed a civil action seeking relief against this Defendant and others based on the laws and/or statutes outlined therein.   Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

**II.      JURISDICTION**

2.      Admitted.

3.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

**III.      PARTIES**

4.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

5.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

6.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

7.      Denied.

## IV.    FACTUAL ALLEGATIONS

8.      Defendant adopts its prior responses.

9.      Denied.

10.      Defendant admits that Clarissa Lott applied for the position of Fiscal Clerk I. Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

11.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

12.      Defendant admits that some of the primary functions of the Fiscal Clerk I position were discussed with Lott during her interview.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

13.      Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

14.      Defendant admits that Cordia Leggett emailed Lott regarding the open position for Fiscal Clerk I.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

15.      Defendant admits that Lott emailed on February 7, 2020, indicating that she would like to accept the position.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

16.     Defendant admits that Leggett sent a return email to Lott asking her to go to the Mobile County Personnel Board to start the new hire process.  Any remaining allegations of this paragraph not specifically admitted herein are hereby denied.

17.     Denied.

18.     Admitted.

19.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

20.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

21.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

22.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

23.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

24.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

25.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

26.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

27.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

28.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

29.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

30.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

31.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

32.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

33.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

34.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

35.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

36.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

37.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

38.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

39.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

40.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

41.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

42.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

43.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

44.     Denied.

45.     Denied.

46.     Denied.

**V.      CAUSES OF ACTION**

**The Americans with Disabilities Act and § 504 of the Rehabilitation Act**

47.     Defendant adopts its prior responses.

48.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

49.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

50.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

51.     Defendant is without knowledge or information sufficient to admit or deny the truth of the allegations of this paragraph; therefore, same are denied.

52.     The allegations of this paragraph purport to describe certain legal statements related to certain provisions of law; however, to the extent Plaintiff attempts to allege that this Defendant violated any provisions of the laws outlined in this paragraph, same are denied.

53.     The allegations of this paragraph purport to describe certain legal statements related to certain provisions of law; however, to the extent Plaintiff attempts to allege that this Defendant violated any provisions of the laws outlined in this paragraph, same are denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

**VI.     PRAYER FOR RELIEF**

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against this Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant pleads the general issue and contends that Plaintiff cannot establish a prima facie case under any theory of recovery.

### THIRD AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff is barred from recovery under the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts that it would have reached the same employment decision in the absence of any alleged bias or improper motive.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the failure to exhaust administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, collateral estoppel, judicial estoppel, mistake, mutual mistake, ratification, consent and acquiescence.

## NINTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's claims are barred by the applicable statutes of limitation.

## TENTH AFFIRMATIVE DEFENSE

The challenged employment decisions were based on legitimate, non-discriminatory, non-retaliatory reasons that were non-pretextual.

## ELEVENTH AFFIRMATIVE DEFENSE

While denying that discrimination, retaliation or any other impermissible factor played any role with respect to any employment decision or act complained of by the Plaintiff, Defendant Water Works and Sewer Board would have taken the same actions regardless of any alleged improper or impermissible motive.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Defendant Water Works and Sewer Board discovers during the course of this lawsuit that Plaintiff engaged in any conduct that would have warranted discipline or discharge, Plaintiff's right to recover damages beyond the date of that discovery shall be cut off (after acquired evidence).

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff engaged in conduct in violation of policies or other conduct that would have resulted in her disqualification or would have rendered her less qualified had the Defendant discovered such conduct, the Plaintiff is barred from recovering any remedy.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted under the Americans With Disabilities Act, as amended, in that Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's alleged disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff is not a qualified individual with a disability as defined by the ADA, as amended.

## SIXTEENTH AFFIRMATIVE DEFENSE

All claims brought pursuant to the ADA which were not included in Plaintiff's Charge filed with the EEOC or investigated by the EEOC are either barred because of the failure to satisfy the statutory prerequisites or are otherwise improper because of a lack of subject matter jurisdiction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All claims brought pursuant to the ADA with respect to acts or events occurring, or with respect to which Plaintiff was notified, prior to 180 days before the filing of Plaintiff's Charge with the EEOC are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages under the ADA in that all actions taken by Defendant concerning Plaintiff were taken in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages under the ADA because Defendant's conduct toward Plaintiff was not willful.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant asserts the defense of undue burden and/or hardship.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the Plaintiff might have been guilty of conduct as yet unknown or undiscovered by Defendant, which conduct would have prevented Plaintiff's employment or caused her termination, Plaintiff is barred from seeking damages in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint may not be brought pursuant to the federal statutes cited unless and until Plaintiff establishes timely and proper satisfaction of the administrative prerequisites to the institution and maintenance of an action under such statutes as to this Defendant.  To the extent the Plaintiff raises claims not made the subject of the EEOC Charge(s) she relies upon in the Complaint, or alternatively, not made the subject of a timely signed, verified EEOC Charge naming the Defendant as a Respondent, or raises claims that arose more than 100 days before the filing of an EEOC Charge, those claims are barred by the failure to satisfy the statutory prerequisites to suit.  Any and all claims not raised in a lawsuit timely filed in 90 days of the Plaintiff's receipt of a Notice of Rights letter from the EEOC may not be litigated in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts in the alternative and without waiving any other defense, that the acts of the Defendant were privileged under the law including, but not limited to, under the Employment-at-Will doctrine.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The limitations on compensatory and punitive damages as provided under federal law should be applied and are applicable in this case.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any compensatory damages or punitive damages herein, and any allegation with respect thereto should be stricken, because Plaintiff has failed to plead facts sufficient to support such damage claims.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff may prove that disability or some other protected factor was in any way a motivating factor behind the employment decisions effecting her, Defendant contends that it would be proven that said action would have been legally made in any event, and thus the limits on damages and fees imposed under federal statutes are applicable.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Any award of mental anguish damages in this case will violate the Defendant's due process or equal protection rights guaranteed by the United States Constitution and the Constitution of the State of Alabama because juries are not given sufficient rules, standards, or guidelines upon which to rely in calculating mental anguish or emotional distress damage awards.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts that any award of punitive damages in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States and under the Constitution of the State of Alabama.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other defenses as discovery proceeds in this case.

/s/ Thomas O. Gaillard, III
THOMAS O. GAILLARD, III (GAILT9459)
*Attorney for Defendant Water Works and Sewer
Board of the City of Prichard*

**OF COUNSEL:**
HELMSING, LEACH, HERLONG,
  NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521
E-Mail: TOG@helmsinglaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 24th day of March 2022, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following undersigned counsel of record:

Rachel L. McGinley, Esquire        (*rmcginley@wigginschilds.com*)
Henry Brewster, Esquire            (*hbrewster@brewsterlaw.net*)
***Attorneys for Plaintiff***

James D. Brandyburg, Esquire       (*jbrandyburg@brandyburgfirm.com*)
***Attorney for Mobile County Personnel Board***

/s/ Thomas O. Gaillard, III
OF COUNSEL

12